UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

AARON HARDISON                                          PLAINTIFF

v.                                          CIVIL ACTION NO. 3:05CV-484-S

KAREN WERTZ                                          DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on appeal from the judgment of the United States Bankruptcy Court finding in favor of the appellee, Karen Wertz, in Adversary Proceeding A.P. No. 04-3307.[1]

The underlying events which culminated in the filing of the adversary proceeding are described in the bankruptcy court's memorandum opinion and need not be restated here. Our review on appeal is limited to one question: Whether the bankruptcy court was clearly erroneous in its determination that there was no meeting of the minds between the appellant, Aaron Hardison, and Wertz as to when Wertz would pay three creditors, GLA Collection, Dish Network, and Capital One.

The parties, Hardison and Wertz, filed a joint Chapter 13 petition on November 22, 1999 seeking administration of their marital debts. They divorced in 2001 and Hardison withdrew from the bankruptcy.

The proceedings concerning settlement of their financial matters has been complicated and contentious. The parties do not dispute that an agreement was reached to resolve disputes which arose over their property settlement. No written document memorializing the terms was ever executed, however. At a hearing on December 16, 2003, the terms of the agreement were stated on the record, as they were understood by the parties. On February 22, 2004, Hardison delivered a

---

[1] The court will consider orders of the bankruptcy court entered July 5 and July 18, 2005 in this appeal. For the reason set forth in a separate opinion entered this date, th court will not consider the appeal of the bankruptcy court's July 25, 2005 order.

check to his attorney in the sum of $2, 107.50 to be paid to Wertz in accordance with the terms of the agreement, albeit belatedly delivered.

Wertz converted her Chapter 13 to a Chapter 7 bankruptcy. Hardison filed this adversary proceeding objecting to discharge on the ground that she obtained the $2, 107.50 from him by false and fraudulent pretenses (11 U.S.C. § 523(a)(2)) and that she caused willful and malicious injury to him (11 U.S.C. § 523(a)(6)). *See,* July 5, 2005 Order. The basis for his argument was that Wertz represented that the debts would be paid immediately upon receipt of the funds. Hardison contended that she knowingly or recklessly misrepresented the facts, either with the intent to harm or to deceive him. After hearing the evidence at trial, the court found that there was no meeting of the minds as to when the debts to Dish Network, Capital One, and GLA Collection would be paid. The court concluded that "this matter arose out of a misunderstanding regarding contract terms. Defendant clearly did not intend to mislead Plaintiff with regard to her payment of the Creditors." July 1, 2005 Order, p. 4.

Hardison contends that the videotape of the December 16th hearing establishes that Wertz, through her attorney, agreed to pay the three debts immediately upon receipt of a check from Hardison in the amount of $2,107.50. Appellant's Brief, pp. 3 - 7. He thus urges that the bankruptcy court's findings in this matter were clearly erroneous.

The issue before the court is a narrow one. This court must determine on appeal whether the bankruptcy court committed clear error in finding that there was no meeting of the minds as to when the debts would be paid by Wertz. This is the basis for the allegation of fraud and the only matter to be considered herein. This court cannot otherwise disturb the findings of the bankruptcy court. *In re Triple S Restaurants, Inc.*, 422 F.3d 405, 410 (6th Cir. 2005)(because bankruptcy court makes initial findings of fact, district court is bound by findings unless clearly erroneous). To be clear, this court is constrained on appeal to consider only whether there was evidence of an agreement by Wertz to immediately pay the debts in question.

The court has reviewed the videotape of the December 16, 2003 hearing and does not find any statement by counsel for Wertz that the debts would be paid immediately upon receipt of the money from Hardison. Hardison himself asked questions of both counsel and also engaged in a dialogue with the court.

The recitation of the agreement by counsel for Wertz was (1) that Wertz was withdrawing her motions for contempt and for enforcement of an earlier settlement, (2) that the terms of a new agreed order had been reached, (3) that the paperwork memorializing the agreement would be finalized within one week, and (4) that Hardison would deliver a check for $2,107.50 within the hour. Counsel for Wertz made clear on the record that Wertz would assure that three certain creditors, Dish Network, Capital One, and GLA Collection, would not pursue Hardison. Hardison's counsel's understanding of the agreement with respect to these debts was that these debts would be resolved "one way or another," and that the creditors would not come after his client. Both sides agreed that they wanted this case over with once and for all. Hardison represented that he was paying money that he did not believe he owed to "make this go away." There was no direct statement or implication at any time during the December 16, 2003 hearing that Wertz would pay the debts immediately.

Hardison asked for confirmation from Wertz' counsel that Wertz had $2,400.00 left to pay on her Chapter 13 plan, and then her bankruptcy would be closed. He also confirmed with Wertz' counsel that three other debts not in issue here (a debt related to her car, to Ford Motor Credit, and to Household Finance) were included in the bankruptcy and would be resolved. Hardison stated that he wanted to be sure that nothing "came back to him" from the divorce settlement. His understanding was that the debts were paid. Wertz' counsel responded that nothing would come back to him with regard to the Dish Network, Capital One, and GLA Collection debts.[2]

---

[2] The bankruptcy court noted that at least two of these three debts were in Wertz' name only. There was no showing that
(continued...)

- 4 -

The videotape of the December 16th hearing evidences that at no time did Hardison ask if the debts would be paid immediately, nor did he state that such was his understanding. No questions from Hardison or his counsel contained any temporal component regarding the payment of the Dish Network, Capital One and GLA Collection debts. Thus the bankruptcy court was not clearly erroneous in finding that an assumption by Hardison that these debts would be paid immediately constituted a misunderstanding or misinterpretation of the terms of the agreement.

The audio tape of the meeting of creditors, submitted as an additional exhibit to Hardison's appeal, adds nothing to support his argument. It establishes only that Wertz' attorney had authority to speak for her in court at the December 16, 2003 hearing, and that she intended to pay the debts in question, but to date had not done so.

Based upon our review of the record and consideration of the briefs of the parties, the court does not find clear error in the finding of the bankruptcy court. For the reasons set forth herein, the judgment of the bankruptcy court must be affirmed. A separate order will be entered this date in accordance with this opinion.

---

[2](...continued)
any of these three creditors has sought payment from Hardison, despite an order from the state court requiring him to file proof of this assertion.