UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

AARON HARDISON                                                                                   PLAINTIFF

v.                                                                         CIVIL ACTION NO. 3:05CV-484-S

KAREN WERTZ                                                                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the appellee, Karen Wertz, to dismiss this appeal from various orders of the United States Bankruptcy Court. The court entered a series of orders in an adversary proceeding filed by the appellant, Aaron Hardison, in connection with Wertz's Chapter 7 bankruptcy petition. Wertz claims that Hardison failed to file a timely notice of appeal.

I.  Law

Bankr.R. 8001(a) states that "[a]n appeal from a judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel as permitted by 28 U.S.C. § 158(a)(1) or (a)(2) shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002." Bankr.R. 8002 provides, in pertinent part, that

> The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from...
>
> If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion: (1) to amend or make additional findings of fact under Rule 7052...(4) for relief under Rule 9024 if the motion is filed no later than 10 days after entry of the judgment. A notice of appeal filed after announcement or entry of the judgment, order, or decree but before disposition of any of the above motions is ineffective to appeal from the judgment, order, or decree, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding. Appellate review of an order disposing of any of the above motions requires the party, in compliance with Rule 8001, to amend a previously filed notice of appeal. A party intending to challenge an alteration or amendment of the judgment, order, or decree shall file a notice, or

an amended notice, of appeal within the time prescribed by this Rule 8002 measured from the entry of the order disposing of the last such motion.

The Advisory Committee Note to the 1994 amendment of Rule 8002 explains the operation of the rule:

> These amendments are intended to conform to the 1993 amendments to F.R.App.P. 4(a)(4) and 6(b)(2)(i).
>
> This rule as amended provides that a notice of appeal filed before the disposition of a specified postjudgment motion will become effective upon disposition of the motion. A notice filed before the filing of one of the specified motions...is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the district court or bankruptcy appellate panel...
>
> If the judgment is altered upon disposition of a postjudgment motion, however, and if a party who has previously filed a notice of appeal wishes to appeal from the disposition of the motion, the party must amend the notice to so indicate...

## II. Facts

The following sequence of events is undisputed:

1. Hardison filed an adversary proceeding, A.P. No. 04-3307 on October 28, 2004, seeking an order of non-dischargeability of a debt allegedly owed but unpaid by his ex-wife, Karen Wertz.

2. The matter was tried before the bankruptcy court on May 10, 2005.

3. The bankruptcy court entered judgment in favor of Wertz by order dated July 5, 2005, rejecting Hardison's claim of nondischargeability under 11 U.S.C. §§ 523(a)(2) and 523(a)(6). Hardison had also asserted 11 U.S.C. § 727 as a basis for denial of dischargeability. This ground was not addressed in the July 5, 2005 order.[1]

4. Hardison filed a notice of appeal on July 11, 2005.

5. On motion of Wertz, the bankruptcy court issued an order pursuant to Fed.R.Civ.P. 60(a) on July 18, 2005 correcting a typographical error.

6. Hardison amended his notice of appeal on July 21, 2005 to include the July 18, 2005 order.

---

[1] The particulars of Hardison's nondischargeability argument under these subsections is not pertinent to this decision and therefore will not be discussed. Suffice it to say that Hardison raised three arguments, only two of which were decided by the bankruptcy court in its July 5th order. The third argument was addressed in the court's subsequent order entered July 25, 2005.

7. On motion of Wertz, the bankruptcy court issued an order pursuant to Bankr.R. 7052 on July 25, 2005 in which it found additional facts and entered judgment in favor of Wertz on Hardison's claim under 11 U.S.C. § 727.

8. No amendment to the notice of appeal was filed after issuance of the July 25, 2005 order.

### III. Analysis

Hardison's appeal of the July 5th and 18th orders may go forward under Hardison's timely notice of appeal. Under the rules, Hardison's July 11th timely notice of appeal was stayed upon the filing of Wertz's two post-trial motions. The notice would have become effective to appeal the July 5th order without any further filing by Hardison on July 25, 2005, the date of the last order disposing of the post-trial motions. Hardison amended his notice on July 21st bringing the July 18th order into the appeal. The appeal of both the July 5th and 18th orders thus became effective on July 25, 2005.

The situation is different with respect to the July 25th order. That order made additional findings and conclusions on a third ground for dischargeability. The court noted that it had not previously addressed the third ground (violation of § 727) because it had been stricken for failure of Hardison to comply with the pretrial order requiring him to specifically state the elements of § 727(a)(1-6) which Wertz allegedly violated. However, the court granted Wertz's motion for amendment of its July 5th order under Rule 7052 and made additional findings of fact with respect to § 727(a). The court found no evidence to support Hardison's § 727 claim. Thus the decision on dischargeability remained unchanged from the July 5th order.

Hardison is precluded from appealing the July 25th order inasmuch as he did not file an amended notice of appeal with respect to it. The Advisory Committee Note to the 1994 Amendment to Rule 8002 makes clear that if a judgment is altered by disposition of a post-trial motion, and the appellant wishes to appeal this disposition of the motion, he must file an amended notice of appeal to that effect. The ruling in favor of Wertz on dischargeability under §§ 523(a)(2) and (a)(6) may

- 4 -

be challenged herein. The findings concerning § 727 will not be considered as Hardison did not file a notice of appeal from the July 25th order.

Motion having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the appellee, Karen Wertz, to dismiss the appeal is **GRANTED** as to the July 25, 2005 order of the United States Bankruptcy Court; in all other respects the motion is **DENIED**.